UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════════════

RCP's LEAR, LLC,

                        Plaintiff,

v.                                              5:07- CV - 96 (NPM/GJD)


TAUGHANNOCK AVIATION
CORP. and JET FIRST, INC.,
CHRIS DOSCHER, STUART
CAUFF, and MICHAEL KEISTER,

                        Defendants.



═══════════════════════════════════════════


APPEARANCES                          OF COUNSEL


HARRIS BEACH PLLC                    EDWARD C. HOOKS, ESQ.
Attorney for Cross-Claimant
Taughannock Aviation Corp.
119 East Seneca Street
Ithaca, NY 14851-0580

NEAL P. McCURN, Senior District Court Judge

<u>MEMORANDUM-DECISION AND ORDER</u>

        This action was initiated by plaintiff RCP's Lear, LLC ("RCP"), who filed

the original complaint alleging the defendants' breach of various agreements

relating to aircraft chartering arrangements, including an Aviation Services

Agreement and an Aircraft Charter Operating Agreement ("ACOA").   The court

assumes familiarity with the facts of this protracted litigation, as set forth in the

court's previous Memorandum Decision and Order ("MDO")[1] dated July 17, 2007

(Doc. No. 27).

On March 18, 2008, the court approved a stipulated agreement between

RCP and defendant Taughannock Aviation Corporation ("TAC")  (Doc. No. 87).

In that settlement agreement, all claims asserted in this action by RCP against

TAC and all counterclaims asserted in this action by TAC against RCP were

dismissed with prejudice pursuant to a sum of money that TAC paid to RCP on

February 20, 2008.  TAC paid $202,645.88 to RCP's attorney, who held said

amount in escrow pending the entry of stipulation in this court.  The stipulation

also stated that "such dismissals are without prejudice to RCP's and TAC's rights

to prosecute and recover on their respective claims and cross-claims, in this or any

other proceeding, against Defendants/Cross-Claim Defendants Jet First Inc., Chris

Doscher, Stuart Cauff and Michael Keister." Doc. No. 87 at p. 2.

Currently before the court is counter-claimant TAC's motion for default

judgment against cross-defendants Jet First, Inc. ("Jet First") and Chris Doscher

---

[1]      The court's MDO granted default judgment in favor of RCP's Lear, LLC and
against defendants Jet First, Inc., Chris Doscher and Stuart Cauff.

(Doscher") (Doc. No. 113), pursuant to Rule 55(b)(2) of the Federal Rules of Civil
Procedure.  For the reasons set forth below, TAC's motion will be granted.

## I.        Standard for Default Judgment

Fed. R. Civ. P. Rule 55(a) states in pertinent part that "[w]hen a party
against whom a judgment for affirmative relief is sought has failed to plead or
otherwise defend as provided by these rules and that fact is made to appear by
affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P.
55(a) (West 2007).  "The procedural steps contemplated by the Federal Rules ...
following a defendant's failure to plead or defend ... begin with the entry of a
default upon a plaintiff's request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.
1981).  "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to
have the default set aside.  If that motion is not made ..., and no hearing is needed
to ascertain damages, judgment by default may be entered by the court, or, if the
defendant has not appeared, by the clerk. " Id.

To relieve a party from default, the district court must consider all of the
following factors: "whether the default was willful, whether setting it aside would
prejudice the adversary, and whether a meritorious defense is presented."
Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994).
"The disposition of motions for entries of defaults and default judgments and relief

3

from the same under Rule 55(c) are left to the sound discretion of a district court
because it is in the best position to assess the individual circumstances of a given
case and to evaluate the credibility and good faith of the parties." Enron Oil Corp.
v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

Judgment by default is one of the most severe sanctions which the court
may apply, and "its use must be tempered by the careful exercise of judicial
discretion to assure that its imposition is merited.  However, where one party has
acted in willful and deliberate disregard of reasonable and necessary court orders
and the efficient administration of justice, the application of even so stringent a
sanction is fully justified and should not be disturbed." Trans World Airlines, Inc.
v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964).

"[C]oncerns regarding the protection of a litigant's rights are heightened
when the party held in default appears pro se.  A party appearing without counsel
is afforded extra leeway in meeting the procedural rules governing litigation, and
trial judges must make some effort to protect a party so appearing from waiving a
right to be heard because of his or her lack of legal knowledge." Enron Oil Corp.,
10 F.3d at 96. "Hence, as a general rule a district court should grant a default
judgment sparingly and grant leave to set aside the entry of default freely when the
defaulting party is appearing  pro se."  It is important that the district court explain

4

its reasoning in granting a default judgment or denying a motion to vacate under these circumstances. "The absence of an explanation defeats intelligent appellate review." Id.

## II.    Application of the Law to the Facts of this Case

As a threshold matter, the Court notes that neither Jet First nor Doscher have filed a pro se appearance in this case, nor has counsel for either of the aforementioned defendants filed an appearance. Keeping in mind the heightened consideration afforded a pro se litigant, the Court is mindful of its obligation to grant a default judgment sparingly in a situation where, as here, the defaulting parties are not represented by counsel.

The court finds that Jet First and Doscher have had sufficient notice of the present litigation. In addition to personal service of the complaint on these parties at the inception of this litigation, the court presumes that every relevant document which has been filed with the court has been sent via first-class mail to said parties. The court also finds that the parties could have filed a pro se appearance in this action, and in doing so, the parties could have subsequently moved to set aside the entry of default for good cause, pursuant to Fed. R. Civ. P. Rule 55(c). Thus, the court finds that Jet First and Doscher have willfully and deliberately

failed to plead or defend their interests in this case, including the counter-claim by

TAC.  Accordingly, default judgment will enter against Jet First and Doscher.[2]

TAC asks this court to award full and complete indemnification and

attorneys' fees pursuant to the ACOA signed by the parties.  The court has

reviewed the ACOA and determines that the agreement unambiguously allows for

such indemnification and fees.  As stated supra, TAC paid $202,645.88 to RCP's

attorney on February 20, 2008.  In addition, TAC has submitted an itemized

accounting of attorneys' fees up to and including August 31, 2008, for a total of

$69,027.02, based on an hourly rate of $165.00 per hour for associates and

$250.00 per hour for partners.  Upon careful review of the accounting, and

relevant case law,[3] the court approves TAC's attorneys' fees in the amount of

$69,027.02.  By statement dated September 9, 2008, TAC asks for an award of

judgment of the $202,645.88 paid to RCP, as well as the attorney's fees of

$69,027.02, totaling $271,672.90, less $36,000 paid on account, for a total award

of $235,672.90.  TAC also requests an award of pre-judgment interest on the total

amount owed from February 20, 2008 to September 4, 2008, based on an annual

---

[2]      TAC's counter-claims against defendants Stuart Cauff and Michael Keister
remain active.

[3]      The court has assessed the reasonableness of the attorneys' fees by the standard
set forth in Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522
F.3d 182, 184 (2d Cir. 2008).

rate of nine per cent, said interest totaling $11,142.61.  The court awards pre-judgment interest on the amount to which TAC is entitled, and extends the covered period from February 20, 2008 (the date it paid $202,645.88 to RCP's attorney) up to the date of this MDO, July 8, 2009.[4]  However, while the court has the discretion to award interest at a higher rate, the court finds that the prejudgment interest should be calculated by "the more conservative methodology prescribed by Congress in 28 U.S.C. § 1961 for determining post-judgment interest."[5] Accordingly, the total default judgment awarded to TAC is $235,672.90 plus pre-judgment interest calculated at the rate provided for by 28 U.S.C. § 1961(a), from February 20, 2008 to the date of entry of judgment.  Post-judgment interest is then awarded on the total of $235,672.90 plus pre-judgment interest, pursuant to the rate provided for by 28 U.S.C. § 1961(a), from entry of judgment forward.

## III.   Conclusion

For the reasons set forth above, the Court hereby GRANTS TAC's motion for default judgment against Jet First, Inc. and Chris Doscher (Doc. No. 113*).*  An Order of Judgment will enter in the amount of $235,672.90 plus prejudgment

---

[4]      Pursuant to Rule 54(c) of the federal Rules of Civil Procedure, this "default judgment [does] not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. Rule 54(c) (West 2009).

[5]      See e.g., U.S. v. Livecchi, 605 F.Supp.2d 437, 463 (W.D.N.Y. 2009).

interest calculated pursuant to the rate provided for by 28 U.S.C. § 1961(a) from February 20, 2008 to the date this judgment is filed.   The Order of Judgment will be signed by the court, and post-judgment interest will be calculated pursuant to the rate provided for by 28 U.S.C. § 1961(a), commencing from the date of the entry of judgment.

SO ORDERED.

July 8, 2009

Neal P. McCurn
Senior  U.S. District Judge