UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RCP's LEAR, LLC,

                Plaintiff,

v.                                  5:07- CV - 96 (NPM/GJD)

TAUGHANNOCK AVIATION
CORP. and JET FIRST, INC.,
CHRIS DOSCHER, STUART
CAUFF, and MICHAEL KEISTER,

                Defendants.

_____

APPEARANCES                                OF COUNSEL

GANZ, WOLKENBREIT &                ROBERT E. GANZ, ESQ.
FRIEDMAN, LLP
Attorney for plaintiff and counter-defendant
1 Columbia Circle
Albany, NY      12203

MICHAEL KEISTER, PRO SE
P.O. Box 330525
Miami, FL   33233

NEAL P. McCURN, Senior District Court Judge

                MEMORANDUM-DECISION AND ORDER

**I.**    **Introduction**

       Plaintiff RCP's Lear, LLC ("RCP") initially brought this breach of contract

action against defendants Taughannock Aviation Corporation ("TAC"), Jet First, Inc. ("Jet First"), Chris Doscher ("Doscher"), Stuart Cauff ("Cauff"), and Michael Keister ("Keister"), alleging the defendants' breach of various agreements relating to aircraft chartering arrangements.  RCP argues that Keister, as an original signatory to the Charter Services Agreement between the parties, having signed in his individual capacity, is jointly and severally liable to RCP on the defaulted lease and maintenance service plan payments because Keister was an intended third party beneficiary to the charter agreement. Doc. 116-3 at pp. 4-5.

   Default judgment has entered against defendants Jet First and Doscher.  On July 18, 2007, this court entered default judgment in favor of RCP in the amount of $730,736.37 against Jet First and Doscher (Doc. No. 28) ($708,249.56 plus interest from the date of the alleged breach of the Agreement to the date of entry of default, together with $390.00 total costs).  Defendants TAC and Cauff reached settlements with RCP, thereby reducing the original amount sought by RCP against all defendants.  Accordingly, RCP comes before the court seeking judgment against Keister in the reduced amount of $350,625.25.  Currently before the court is RCP's unopposed motion for summary judgment against defendant Keister. Doc. No. 116.

## II. Facts

The court presumes familiarity with the facts of the case, as set forth in previous MDOs issued in this matter.  See, e.g., Doc. Nos. 27, 72, 117.  The court reiterates those facts and any additional facts taken from the parties' briefs and discovery materials on this current motion only as necessary to clarify its findings.

## III. Discussion

### A. Summary Judgment Standard for an Unopposed Motion

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82 (2d Cir. 2004).  For purposes of this rule, material facts are defined as those which might affect the outcome of the suit under the governing law. Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).

"[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary

judgment is sought[.]"  See Security Ins., 391 F.3d at 83, citing Anderson, 477 U.S. at 255.  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), citing Anderson, 477 U.S. at 250-51.

     While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), citing Fed. R. Civ. P. 56(c), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, see Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 540 U.S. 1005 (2003).

     "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, supra, at 247-48.  At the summary judgment stage of any litigation, "the trial court's task is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined ... to issue-finding; it does not extend to issue resolution."  Gallo v. Prudential Residential

Serv. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).  "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Id.

An unopposed motion for summary judgment may be granted where "(1) the pro se litigant has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law.'" Burberry Ltd. v. Euro Moda, Inc., 2009 WL 1675080 at * 4 (S.D.N.Y. 2009) ( quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996)).  "Thus, if a party does not respond properly, summary judgment will be entered against him, if appropriate." Burberry Ltd., 2009 WL 1675080 at * 4 ( citing Fed.R.Civ.P. 56(e); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir.1988)). "[Federal Rules of Civil Procedure Rule] 56, governing summary judgment motions, does not embrace default judgment principles. Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Company, 373 F.3d 241, 242 (2d Cir. 2004).

In the present action, the defendants other than Keister have, e.g., either settled with RCP [Cauff], settled with RCP and sought indemnification from the other defendants [TAC], or failed to respond [Jet First and Doscher], in which instance the court granted default judgments.  RCP asserts, and the court concurs, that RCP has established a prima facie case for breach of contract, that Keister signed the contract at issue as a guarantor that the contract would be performed according to its terms, and that Keister was a third-party beneficiary to said contract.

On July 29, 2008, Keister answered the complaint (Doc. No. 108), and filed a motion to dismiss for lack of personal jurisdiction (Doc. No. 109).  The court issued an order to strike the motion (Doc. No. 110) for failure to comply with the local rules of this district.  Keister did not resubmit his motion to dismiss.  RCP filed the instant motion for summary judgment against Keister (Doc. No. 116) on October 9, 2008.  A copy of the motion was mailed to Keister at the address he provided to the court. Doc. No. 116-9.  The motion for summary judgment remains unopposed.

The court finds that although Keister denied the material allegations in the complaint, he has offered no affirmative defenses to RCP's cause of action.  The court has no information before it to find that Keister has somehow avoided the

liability of the other signatories to the contract at issue in this action. The court therefore finds that there is no genuine dispute in the facts of this case, and the moving party, RCP, is entitled to judgment as a matter of law. Taking into account Keister's <u>pro se</u> status, the court finds that as a <u>pro se</u> litigant who has received mailed copies of the proceedings in this case (at least since July 21, 2008, the date the affidavit of service was filed in this court), Keister has received adequate notice that failure to file any opposition may result in summary judgment entering against him. Accordingly, the court finds that it is appropriate to enter summary judgment against defendant Keister.

### IV. Conclusion

For the reasons set forth above, the Court hereby GRANTS plaintiff RCP's unopposed motion for summary judgment (Doc. No. 116) against defendant Michael Keister. Judgment will enter in the amount of $350,625.25. The Order of Judgment will be signed by the court, and post-judgment interest will be calculated pursuant to the rate provided for by 28 U.S.C. § 1961(a), commencing from the date of the entry of judgment.

SO ORDERED.

July 22, 2009

_____
Neal P. McCurn
Senior U.S. District Judge